# UNITED STATES DISTRICT COURT

### for the
### District of Maine

SCANNED

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2012 MAR 21  A 10: 17

DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Dropbox records and account information; see<br>Attachment A | )<br>)<br>)<br>)<br>)<br>) |

Case No. 12- Mj.62.JHR

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Dropbox records and account information; see Section II and Attachment A of the Affidavit of Special Agent Martin J. Conley attached and incorporated by reference herein

located in the _____ District of _____ **Maine** _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B of the Affidavit of Special Agent Martin J. Conley attached and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252, 2252A | Relating to the knowing transportation, shipment, receipt, possession, distribution, and reproduction of child pornography |

The application is based on these facts:

See Affidavit of Special Agent Martin J. Conley

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Martin J. Conley, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    03/21/2012
_____

_____
*Judge's signature*

City and state:  Portland, Maine

John H. Rich III, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A WARRANT TO SEARCH AND SEIZE

### Filed pursuant to Local Rule 157.6(a)

I, Martin J. Conley, being first duly sworn, hereby depose and state as follows:

### I.    INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the online Dropbox account of Shaun OBRIEN (kb1inf@yahoo.com, jump@roadrunner.com).  This application seeks authority for a warrant to search for and seize evidence, fruits, and instrumentalities of violations of, among other statutes, Title 18, United States Code, Section 2252 and Title 18, United States Code, Section 2252A, which relate to the knowing transportation, shipment, receipt, possession, distribution, and reproduction of child pornography.

2.    I am a Special Agent with Homeland Security Investigations (HSI).  I have been employed as a Special Agent with HSI since 2011 and I am currently assigned to the Portland, ME Resident Office.  Prior to my tenure with HSI, I was employed as a Special Agent for the United States Secret Service (USSS) since 2004.  I have participated in numerous criminal investigations, to include matters involving child pornography.  In my career as a Special Agent, I have utilized various investigative tools and techniques to include the use of search warrants. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  The facts set forth in this affidavit are based on my personal knowledge, information obtained during my participation in this investigation, information from others, including law enforcement officers, my review of documents and computer records related to this investigation, and information gained through my training and experience.

## II.    PREMISES TO BE SEARCHED

This Affidavit is made in application for and in support of a search warrant for the following location:

3.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B. See also Attachment A describing more particularly the Property to Be Searched.

## III.    TECHNICAL TERMS

4.    The following definitions apply to this Affidavit and its Attachments:

a.    Child Pornography: As used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. §§ 2252 and 2256(2)).

2

b.  IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

c.  Peer-to-peer file-sharing (P2P): Is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between users on the network. A user first obtains the P2P software (in this instance eMule), which can be downloaded from the Internet. In general, P2P software allows the user to set up files on a computer to be shared with others running compatible P2P software. A user obtains files by opening the P2P software on the user's computer, and conducting searches for files that are currently being shared on another user's computer.

d.  eMule: A commonly used P2P client software program is eMule. eMule is a free Microsoft Windows P2P client software program. Some features that distinguish eMule are its capability to have the direct exchange of sources between clients—that is, individuals can see whether other users have shared the same file— and the use of a credit system to reward frequent uploaders.

e.  Hash value: Files being shared by P2P clients are processed by the client software. As part of this processing, a hashed algorithm value is computed for each file being shared, which uniquely identifies it on the network. A file processed by this hash algorithm operation results in the creation of an associated

3

hash value often referred to as a digital signature.  Some hash algorithms provide a certainty exceeding 99.99 percent that two or more files with the same hash value are identical copies of the same file regardless of their file names.  By using a hash algorithm to uniquely identify files on a P2P network, it improves the network efficiency. Because of this, typically, users may receive a selected file from numerous sources by accepting segments of the same file from multiple clients and then reassembling the complete file on the local computer. This is referred to as multiple source downloads. The client program succeeds in reassembling the file from different sources only if all the segments came from exact copies of the same file.  P2P file sharing networks use hash values to ensure exact copies of the same file are used during this process.

f.   Cloud Storage: As used herein, is defined as a network of online storage where data is saved in virtual storage that is hosted by third parties.  The hosting companies operate large data centers, possibly across multiple servers.  Cloud storage allows users save files and data online and access their information from anywhere using any computer that is connected to the Internet.

g.   Dropbox: an internet website that advertises itself as, "a free service that lets you bring your photos, docs, and videos anywhere and share them easily." (www.dropbox.com.)  Further research revealed that Dropbox is a cloud storage system which allows users to share files - to include digital images, movies and folders--with others across the Internet.

## IV.    PROBABLE CAUSE AND BACKGROUND OF INVESTIGATION

5.    On February 6, 2012, I swore under oath to an Affidavit for a search warrant on Shaun Obrien's residence, In re: The residence at 167 St. John St., Apartment 2, Portland, Maine, a tan 2000 GMC Yukon, bearing Maine Hire license plate 10407.  That Affidavit is attached as Exhibit 1 and incorporated by reference herein.

4

6.     The IP Address from which these files were made available was identified as 74.78.40.161, a dynamic IP Address owned by Time Warner Cable.  Records received from Time Warner Cable, pursuant to a subpoena for the dates of interest, identified the physical location of this IP Address to be 167 St. John Street Apartment 2, Portland, Maine.  The name assigned to the account is Shawn Obrien (hereinafter OBRIEN), a.k.a. Shaun Obrien, with telephone 207-699-6211, and email jump@roadrunner.com (listed as inactive).  Records reflect the period of service from 06/25/2011 to 01/11/2012.  Specifically, records reveal that IP 74.78.40.161 was utilized to share child pornography on the following, but not limited to, dates and times: 12/18/2011 5:59:03 PM Universal Time Code (UTC), 11/5/2011 6:18:15 PM UTC, 10/6/2011 7:06:24 PM

7.     Research of the Maine Sex Offender Registry for a Shawn OBRIEN revealed negative results.  I subsequently attempted to contact OBRIEN at his residence but OBRIEN refused to answer the door.  Thereafter, I spoke with OBRIEN over the telephone and requested to speak with him in person.  OBRIEN refused and stated he has a policy not to speak with Law Enforcement.

8.     Further research revealed that Time Warner Cable's records of OBRIEN are filed under Shawn whereas the accurate spelling is Shaun.  Record checks of a Shaun OBRIEN in the Maine Sex Offender Registry reveal he is a registered Sex Offender in Maine, Massachusetts, and Delaware where he is classified as "High Risk" and "Repeat Offender."

9.     Further record checks of Shaun OBRIEN reveal he was convicted of "Rape of Child" in the State of Massachusetts in 1989 and "Unlawful Sexual Contact" of a minor under 11 years old in the state of Delaware in 2008.

10.     On 2/06/2012, I applied for and was subsequently granted a Federal Search Warrant (Docket No. 2:12-MJ-29-G2S) for OBRIEN's residence of 167 Saint John Street, Apartment 2, Portland, ME and a tan GMC Yukon, bearing Maine Hire license plate 10407.  CITE docket number for SW. The search warrant was executed on 2/06/2012.

11.     As part of the Search Warrant execution, OBRIEN was pulled over by Portland, ME Police Department while driving the vehicle described in the aforementioned Warrant.  OBRIEN was found to be in possession of a HP laptop computer (SN: 2CE8455Z4J).  However,

5

the hard drive of this laptop had been removed prior to Law Enforcement's contact with him. The hard drive was not located during the search of the vehicle.   The following items were seized as a result of said Search Warrant:

    a.  Staples CD-R (1)
    b.  Motorola Cell Phone w/ "Body Glove" Case
    c.  Intel Hard Drive (SN: CVB086044R040NGN)
    d.  Seagate Hard Drive (SN: 5VJ8ZC89)
    e.  Seagate Hard Drive (SN: 9VMRX76E)
    f.  Maxtor Hard Drive (SN: 32049H2)
    g.  Western Digital Hard Drive (SN: WCALK1374345)
    h.  Sentey Computer Tower

       12.    As of today, forensic analysis of hard drives seized from OBRIEN have not revealed any evidence of Child Pornography.  Forensic analysis of each of the hard drives examined thus far indicates that the operating systems were repartitioned, reformatted, and/or reinstalled prior to the Search Warrant execution.  Forensic analysis further shows that these actions took place between the time OBRIEN spoke with HSI and the time the Search Warrant was executed

       13.    Forensic analysis revealed, however, that OBRIEN has an online Dropbox account attributed to the email address: kb1inf@yahoo.com. He also has an email account of jump@roadrunner.com which may also be associated with Dropbox

       14.    According to a Dropbox representative, Dropbox saves files associated to each subscriber's account for thirty (30) days even if said files are "deleted" by the account holder.

       15.    On 2/23/2012, The U.S. Attorney's Office, District of Maine, filed a Request for Preservation of Records to Dropbox Legal Department, 185 Berry Street 4th Floor, San Francisco, CA 94107 for all stored communications, records, and other evidence on their possession regarding the email addresses kb1inf@yahoo.com and jump@roadrunner.com.

      **V.    CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS**

12.     Based upon my knowledge, experience, and training in child pornography investigations and the experience of other law enforcement officers with whom I have had discussions, I know that there are certain characteristics common to individuals involved in the purchase, possession, receipt and attempted possession, purchase and receipt of child pornography:

a.   Those who possess, purchase and receive child pornography or attempt to do so may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

b.   Those that possess, purchase or receive child pornography or attempt to do so may collect sexually explicit or suggestive materials relating to children in a variety of media, including photographs, magazines, motion pictures, videotapes, or electronically stored images. Such individuals oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.   Those that purchase, receive or possess child pornography often possess and maintain their pornography collections in the privacy and security of their home or some other secure location and very rarely destroy any images and/or files they have collected.

d.   Those who collect and distribute child pornography also may correspond with and meet others to share information and materials; rarely destroy correspondence from other child pornography distributors and collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

7

e.  The Internet and its World Wide Web afford collectors of child pornography
several different venues for obtaining, viewing and trading child pornography in a
relatively secure and anonymous fashion.

f.  Collectors and distributors of child pornography also use online resources,
including services offered by Dropbox, the Cloud and others, to retrieve and store
child pornography.  Online services allow a user to set up an account with a
remote computing service that provides e-mail services as well as electronic
storage of computer files in a variety of formats.  A user can set up an online
storage account from any computer with access to the Internet.  Evidence of such
online storage accounts is often found on the user's computer, such as is the case
with OBrien.

g.  Online storage mediums are often viewed as advantageous for collectors of child
pornography in that they can enjoy an added level of anonymity and security.  As
an example, online storage mediums such as Dropbox make it possible for the
user to have access to saved files without the requirement of storing said files on
their own computer or other electronic storage device.  It is essentially an
"offsite" storage medium for data that can be viewed at any time from any device
capable of accessing the internet.

## VI.  CONCLUSION

16.  Based on the forgoing, I request that the Court issue the proposed search warrant.
This Court has jurisdiction to issue the requested warrant because it is "a court of competent
jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).
Specifically, the United States District Court, District of Maine is "a district court of the United
States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).
Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the
service or execution of this warrant.

Dated at Portland, Maine this 21st day of March, 2012.

8

Martin J. Conley, Special Agent

Homeland Security Investigations

Sworn and subscribed before me this 21st day of March, 2012.

John H. Rich III
United States Magistrate Judge

9

10

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Dropbox account(s) of Shaun OBRIEN (kb1inf@yahoo.com, jump@roadrunner.com), headquartered at Dropbox located at 185 Berry Street, 4th Floor, San Francisco, CA 94107.

11

**ATTACHMENT B**

**Particular Things to be Seized**

**I.  Information to be disclosed by Dropbox**

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox , including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox  or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox  is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.     All, email  image, and multimedia files stored and presently contained in, or deleted, or on behalf of the account or identifier;

    b.     All existing printouts from original storage of all of the files  described above;

    c.     All transactional information of all activity of the Dropbox  accounts described above, including log files, messaging logs, , records of session times and durations, dates and times of connecting, and methods of connecting: and emails "invites" sent or received via Dropbox, and any contacts list.

    d.     All  messaging logs, including date and time of messages, and  user names and/or email addresses sending and receiving the correspondence;

    e.     All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service the types of service

utilized, email address, user name, or other unique identifier associated with the account, Social

Security number, date of birth, telephone numbers, and other identifiers associated with the

account;

      f.     Detailed billing records, showing all billable services;

      g.     All payment information, including dates and times of payments and means and

source of payment (including any credit or bank account number),

      h.     All records indicating the services available to subscribers of individual accounts

and/or identifiers described above;

      i.     All records pertaining to communications between Dropbox  and any person

regarding the account or identifier, including contacts with support services and records of

actions taken.

## II.  Information to be seized by the government

All information described above in Section I that constitutes evidence, fruits, and

instrumentalities of violations of, among other statutes, Title 18, United States Code, Section

2252 and Title 18, United States Code, Section 2252A, which relate to the knowing

transportation, shipment, receipt, possession, distribution, and reproduction of child

pornography.

2